UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND, MASSACHUSETTS LABORERS' ANNUITY FUND, NEW ENGLAND LABORERS' TRAINING TRUST FUND and MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br>Plaintiffs,<br><br>vs.<br><br>RED LINE WALL SYSTEMS, INC.,<br>Defendant. | C.A. No. |

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreements and the plans.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## **PARTIES**

3.     The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4.     The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.     The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.     The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.     The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Red Line Wall Systems, Inc. ("Red Line") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Defendant Red Line is a Massachusetts corporation with a principal place of business at 14 Lanides Lane, Leominster, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. On or about April 18, 2014, Red Line signed a Memorandum of Agreement, in which it agreed in writing and in relevant part to be bound to the terms of four collective bargaining agreements entered into by the Union on behalf of its local unions, and various contractors and construction associations throughout the Union's territorial jurisdiction. A copy of that Memorandum of Agreement is attached hereto as Exhibit A.

11. Pursuant to its having signed the Memorandum of Agreement, Red Line became bound to the terms of the Building and Site Agreement between the Union and the Associated General Contractors of Massachusetts, Inc. and Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc.; the Building and Site Agreement between the Massachusetts Laborers' District Council and Construction Industry of Western Massachusetts, Inc.; the Agreement between the Union and the General Contractors' Association of Pittsfield, Massachusetts and the Building and Site Construction Agreement between the Union and Signatory Contractors (hereinafter the "CBAs"). All of the CBAs' terms that are relevant to this

case are materially the same as those contained in the Agreement.  A Copy of the relevant pages of the 2016 - 2020 Building and Site Agreement is attached hereto as Exhibit B.

12. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein.  See Ex. B, pp. 25-30, 49.

13. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates.  Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 21-22, 26-27, 31-33.

14. The Fund office collects the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

15. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency.  See Ex. B, pp. 34-35.

16. Signatory contractors such as Red Line are obligated to submit remittance reports each month, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month.  They are also required to submit to periodic audits of their payroll related records.

17. Red Line has failed to submit reports or remit contributions for the period July through September 2018 and, on information and belief, it employed laborers during that period.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19. The failure of Red Line to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, Red Line will continue to ignore its obligations to remit the contributions it owes to the Funds.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above.

23. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

24. The failure of Red Line to pay the contributions it continues to owe for July through September 2018, to remit the deducted dues, and to submit remittance reports violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment of the machinery, inventory, bank accounts and accounts receivable of Red Line;

b. Order Red Line to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll

registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

      c.      Enter a preliminary and permanent injunction enjoining Red Line from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

      d.      Enter a preliminary and permanent injunction enjoining Red Line from refusing or failing to pay contributions, dues and interest owed to the Funds;

      e.      Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of July through September 2018, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

      f.      Enter judgment in favor of the Funds on Count II for the unpaid contributions and dues owed for July through September 2018 and any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

g.  Such further and other relief as this Court may deem appropriate.

> Respectfully submitted,
>
> TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, *et al.*,
>
> By their attorneys,
>
> /s/ Anne R. Sills
> Anne R. Sills, Esquire
> BBO #546576
> Sasha N. Gillin, Esquire
> BBO #690769
> Segal Roitman, LLP
> 33 Harrison Avenue, 7th Floor
> Boston, MA  02111
> (617) 742-0208, Ext. 232
> asills@segalroitman.com

Dated: November 15, 2018

## VERIFICATION

I, Louis A. Mandarini, III verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 15 DAY OF NOVEMBER, 2018.

*Louis A. Mandarini, III*
Louis A. Mandarini, III

ARS/ars&ts
6306 18-353/complt.doc

7